# EXHIBIT A

Hearing Date: 12/13/2021 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
            Cook County, IL

FILED
8/13/2021 12:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03995

14427397

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Jon Hensley,
Individually and on behalf of all others
similarly situated,

                                                                Plaintiff(s)

                                v.

Resurgent Capital Services LP et al.            Case No.    2021-CH-03995

                                                                Defendant(s)

55 Beattie Place Suite 110, Greenville, SC,
29601

                                        Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ○ Sheriff Service  ◉ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons – Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

8/13/2021 12:48 PM IRIS Y. MARTINEZ

● Atty. No.: 62709

○ Pro Se 99500

Witness date _____

Name: Chicago Consumer Law Center, P.C.

IRIS Y. MARTINEZ, Clerk of Court

Atty. for (if applicable):

Plaintiff

☐ Service by Certified Mail:

Address: 33 N. Dearborn St., Suite 400

☐ Date of Service: _____

City: Chicago

(To be inserted by officer on copy left with employer or other person)

State: IL   Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 8/13/2021 12:48 PM   2021CH03995

2021CH03995

FILED DATE: 8/13/2021 12:48 PM

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

Hearing Date: 12/13/2021 9:30 AM - 9:30 AM 12-Person Jury
Courtroom Number: 2402
Location: District 1 Court
　　　　　　Cook County, IL

FILED
8/13/2021 9:25 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03995

14424222

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **JON HENSLEY,**<br>Individually and on behalf of all others<br>similarly situated,<br><br>　　　　　*Plaintiff,*<br>　**v.**<br><br>**RESURGENT CAPITAL SERVICES**<br>**LP AND LVNV FUNDING LLC,**<br><br>　　　　　*Defendants.* | Case No.:<br><br><br>CLASS ACTION<br><br><br>**JURY DEMAND** |

### CLASS ACTION COMPLAINT

Plaintiff Jon Hensley, individually and on behalf of all other similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), for a finding that the Defendants' actions violated the FDCPA and the ICAA, and to recover damages for the Defendants' violations thereof, and alleges:

### NATURE OF THE CASE

1.　　The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

1

FILED DATE: 8/13/2021 9:25 AM      2021CH03995

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices.  *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

2

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7.     "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

## JURISDICTION AND VENUE

8.     Jurisdiction over the Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.     Venue is proper in this county pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.  In addition, the Defendants do business in this county and LVNV has a registered agent located in this state. 735 ILCS 5/2-102(a).

10.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11.     Plaintiff Jon Hensley was a resident and citizen of the State of Illinois during all times relevant to this complaint.

3

12. Defendant Resurgent Capital Services LP ("Resurgent") is a limited partnership organized under the laws of Delaware and has a principal place of business at 55 Beattie Place, Suite 110, Greenville, SC 29601.

13. Defendant Resurgent acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14. Defendant Resurgent also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant LVNV Funding, LLC ("LVNV") is a Delaware-based limited liability company with its principal place of business located at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

16. Defendant LVNV acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

17. Defendant LVNV also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it is a debt buyer and employed Resurgent to collect alleged defaulted consumer debts on its behalf, which debts were originally owed or due or asserted to be owed or due another.

4

2021CH03995

FILED DATE: 8/13/2021 9:25 AM

## FACTUAL ALLEGATIONS

18. According to the Defendants, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt").

19. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

20. The Defendants have alleged that Plaintiff failed to make full payment and the debt entered default and was charged off.

21. The alleged debt was subsequently sold, transferred or assigned to LVNV, which then attempted to collect the debt through Resurgent.

22. Plaintiff disputed the alleged debt and retained counsel, who sent LVNV a letter disputing the debt.

23. However, rather than responding to Plaintiff's attorneys, Defendants sent a debt collection communication directly to Plaintiff and sent Plaintiff a letter on or about June 22, 2021, indicating that they had received the dispute and were initiating a review of the inquiry. (Exhibit A, Resurgent Response Letter).

24. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

25. The letter additionally stated in relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

26. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

5

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

27. The letter sought to collect an alleged debt directly from Plaintiff, despite the fact that Plaintiff was represented by counsel.

28. 15 U.S.C. § 1692c(a)(2) of the FDCPA provides in relevant part follows:

**Communication in connection with debt collection**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

**\*\*\*\*\*\*\***

**(2) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…**

29. Defendants violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when they contacted Plaintiff directly, instead of contacting his attorney, since Defendants knew that Plaintiff was represented by counsel.

30. Defendants knew that Plaintiff was represented by counsel—whose name, address, and telephone number they were also aware of—because Plaintiff's counsel provided that information to Defendants LVNV and Resurgent before Defendants contacted Plaintiff directly, and Defendants had obtained this information again in the attorney representation letter sent to Defendants via fax.

31. Section 1692f of the FDCPA provides in relevant part:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

6

2021CH03995

FILED DATE: 8/13/2021 9:25 AM

32.     The Defendants violated 15 U.S.C. § 1692f of the FDCPA when they contacted Plaintiff directly in an attempt to collect the alleged debt, even though they knew Plaintiff was represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

33.     Making matters worse, the letter sent to Plaintiff after Defendants knew he was represented by counsel was, on information and belief, produced with the assistance of a third-party letter vendor.

34.     Exhibit A contains information regarding a designated Post Office Box in Livonia, Michigan.  This Post Office Box has been attributed to a well-known third-party letter vendor.

35.     In this case, the Livonia, Michigan letter vendor would have required certain information prior to sending the debt collection communication to Plaintiff, including Plaintiff's name, address, account number, the alleged creditor to whom he owes money, and the amount of the alleged debt.

36.     This information would have been sent by the Defendants as a matter of course to the third-party letter vendor, who would then use this information about Plaintiff to populate the template letter and communicate this information to Plaintiff.

37.     Defendants communicated information about Plaintiff's alleged debt to third parties, including the third-party letter vendor, in violation of law.

38.     15 U.S.C. § 1692a(2) of the FDCPA states in relevant part:

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

**The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.**

39.     This information about Plaintiff was a communication as it is defined by the FDCPA because it related to information about Plaintiff's alleged debt to a third party.

40.     This communication also included numerous highly personal and private details such as account number and home address, that would not necessarily be publicly available.

41.     "[T]he term 'invasion of privacy' comprises an identifiable family of common-law torts—including, most relevantly here, 'public disclosure of private facts.' Invasion of Privacy, Black's Law Dictionary 952 (10th ed. 2014)." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 19-14434, *9 (11th Cir., April 21, 2021).

42.     "It is hornbook law that '[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.' Restatement (Second) of Torts § 652D (1977)." *Id.* at *9.

43.     "[T]he Supreme Court itself has recognized 'the individual interest in avoiding disclosure of personal matters' and has recognized that 'both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.'" *Id.* (quoting *United States Dep't of*

8

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

*Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) (citation and quotation marks omitted)).

44.    The Illinois Supreme Court has also found that an individual's right to personal privacy can be infringed when personal information about that individual is shared with third parties without their permission. *See Rosenbach v. Six Flags Entertainment*, 129 N.E. 3d 1197 (2019).

45.    15 U.S.C. § 1692c(b) of the FDCPA states in relevant part:

> **(b) Communication with third parties;**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

46.    Defendants violated § 1692c(b) of the FDCPA when they communicated information in connection with an alleged debt about Plaintiff, to a third party, when they had no legal right to do so.

47.    At no time did Plaintiff provide prior consent to the Defendants to communicate this highly private financial information to a third party, other than his attorneys.

48.    At no point did a court of competent jurisdiction provide authorization for Defendants to communicate this information about Plaintiff.

49.    This communication was not reasonably necessary to effectuate a post-judgment judicial remedy.

9

FILED DATE: 8/13/2021 9:25 AM     2021CH03995

50.     The communication to the third-party letter vendor was not to the consumer, their attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

51.     Defendants' communications regarding Plaintiff's alleged debt caused an outside party to obtain this highly sensitive information about Plaintiff.

52.     The Defendants had no legal right to communicate this information about Plaintiff to a third party that was not specifically authorized to receive it under 15 U.S.C. § 1692c(b) of the FDCPA.

53.     The Defendants' communication of Plaintiff's financial and personal contact information invaded Plaintiff's personal right to privacy as well as created an increased risk of financial harm, identity theft, and loss of privacy and personal information.

54.     At no time did the Defendants communicate to Plaintiff that they had transferred his personal information, including his name, contact information, financial account numbers, alleged balance, or other currently unknown information to a third party, or third parties. Defendants additionally did not provide Plaintiff notification of what precautions, if any, this third party, or third parties, would take in regard to securing Plaintiff's personal financial information.

55.     Section 1692c(b) bears a close relationship to a privacy invasion that American courts have long recognized as cognizable.

56.     15 U.S.C. § 1692f of the FDCPA provides in relevant part:

**Unfair practices**

10

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

57.     Defendants violated § 1692f by communicating private financial information about Plaintiff to a third-party in its attempt to collect the alleged debt.

58.     LVNV authorized, directed, and ratified every action taken by Resurgent on its behalf, and is liable for the acts and omissions of Resurgent, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000).

59.     A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

60.     The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

<u>COUNT I</u>
<u>FAIR DEBT COLLECTION PRACTICES ACT - ON BEHALF OF THE PLAINTIFF INDIVIDUALLY</u>

61.     Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

62.     Defendants violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when they contacted Plaintiff directly, instead of contacting his attorney, since Defendants knew that Plaintiff was represented by counsel.

11

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

63.     The Defendants violated 15 U.S.C. § 1692f of the FDCPA when they contacted Plaintiff directly in an attempt to collect the alleged debt, even though they knew Plaintiff was represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

## COUNT II
## ILLINOIS COLLECTION AGENCY ACT - ON BEHALF OF PLAINTIFF INDIVIDUALLY

64.     Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

65.     Defendants contacted Plaintiff directly, when they knew that he was represented by counsel, in violation of 225 ILCS 425/9(a)(34), and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

66.     Plaintiff was damaged by Defendants' illegal actions due to the direct communication when they should have contacted Plaintiff's attorneys instead.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT - ON BEHALF OF A CLASS

67.     Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

68.     Defendants violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when they contacted Plaintiff, and members of the putative class, directly, instead of contacting the consumer's attorneys, since Defendants knew that Plaintiff, and members of the putative class, were represented by counsel.

69.     The Defendants violated 15 U.S.C. § 1692f of the FDCPA when they contacted Plaintiff, and members of the putative class, directly in an attempt to

12

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

collect the alleged debt, even though they knew Plaintiff, and members of the putative class, were represented by counsel, since this was an unfair and unconscionable means to attempt to collect the debt.

## COUNT IV
### ILLINOIS COLLECTION AGENCY ACT - ON BEHALF OF A CLASS

70. Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

71. Defendants contacted Plaintiff, and members of the putative class, directly, when they knew that Plaintiff and members of the putative class were represented by counsel, in violation of 225 ILCS 425/9(a)(34), and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

72. Plaintiff, and members of the putative class, were damaged by the Defendants' illegal actions due to the direct communication when they should have contacted Plaintiff's and the class members' attorneys instead.

## COUNT V
### FAIR DEBT COLLECTION PRACTICES ACT - ON BEHALF OF A CLASS

73. Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

74. The Defendants violated § 1692c(b) of the FDCPA when they communicated information in connection with an alleged debt about Plaintiff and the putative class members to a third party, when they had no legal right to do so.

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

75.     The Defendants violated § 1692f by communicating private financial information about Plaintiff and the putative class members to a third party in their attempt to collect the alleged debt.

## CLASS ALLEGATIONS

76.     Plaintiff brings this claim on behalf of two classes.

**Illegal Contact Class** - The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Resurgent Capital Services, in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly owed to LVNV Funding, LLC; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA and five years prior to the filing of this action under the ICAA; (e) after either Defendant was notified the consumer was represented by counsel; and (f) that was not returned as undeliverable by the postal service.

**Third Party Disclosure Class** - The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Resurgent Capital Services, in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly owed to LVNV Funding, LLC; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

77.     Plaintiff may alter the class definitions to conform to developments in the case and discovery.  Specifically, Plaintiff may also or alternatively seek certification of a Credit One Bank, N.A. creditor subclass to each Class defined above.

14

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

78.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

79.     **Numerosity:** Upon information and belief, the Classes are so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendants. However, it is reasonable to infer that more than 40 Illinois consumers are members of each class. Class members can be easily identified through Defendants' records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

80.     **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation: (a) whether the Defendants communicated information about the alleged debt to a third party when they had no legal right to do so; (b) whether the Defendants directly contacted represented parties; and (c) whether such communications violate the FDCPA.

81.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the class members they seek to represent and Plaintiff intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by

15

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the class members.

82.    **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for class members to individually seek redress for Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in their favor and against the Defendants as follows:

A.    Certification of the proposed classes;

B.    Designation of Plaintiff as representative of the proposed classes and designation of Plaintiff's counsel as Class counsel;

C.    Damages available under the ICAA;

D.    Damages pursuant to 15 U.S.C. § 1692k;

16

E.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

F.    Such other or further relief as the court deems proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

17

FILED DATE: 8/13/2021 9:25 AM    2021CH03995

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

18